IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No.: 5:25-cv-00112

| | |
|---|---|
| JEREMY GERALD,<br><br>     *Plaintiff,*<br><br>     v.<br><br>SHIPT, DOORDASH, AND UBER,<br><br>     *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF REMOVAL**

Defendant Shipt, Inc (hereinafter "Shipt") a Delaware corporation, hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Eastern District of North Carolina, and as grounds therefore states:

**A.      Timeliness of Removal**

1.      On January 8, 2025, Plaintiff Jeremy Gerald (hereinafter "Plaintiff") initiated this action by filing his Complaint ("Complaint") in the General Court of Justice, Superior Court Division, Wake County, North Carolina, Civil Action No. 25CV000689-910 ("State Action").

2.      On January 29, 2025, Shipt was served with a copy of the Summons and Complaint. A complete copy of all process and pleadings served upon Shipt is attached as **Exhibit 1** to this Notice.  28 U.S.C. § 1446(a). These are the only processes, pleadings, and orders served on Shipt in this action.

3.      Accordingly, this Notice is being filed with this Court within thirty (30) days of service of process on Shipt.  28 U.S.C. § 1446(b). Furthermore, no further pleading has been had in the Superior Court of Wake County as of the date of the filing of this Notice of Removal.

1

**B.      Venue**

4.      The Superior Court of Wake County is located in Raleigh, North Carolina within the United States District Court for the Eastern District of North Carolina.  28 U.S.C. § 113. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**C.      Basis for Removal: Diversity Jurisdiction**

5.      This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court for the Eastern District of North Carolina has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

**D.      The Amount in Controversy Exceeds $75,000.00**

6.      In seeking removal, Shipt must show that it is more likely than not that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332(a).

7.      In his Complaint, Plaintiff claims a loss of income resulting in damages of $80,000.00 collectively from Shipt, Defendant DoorDash, and Defendant Uber. (*See* Exhibit 1, Complaint p. 7). Accordingly, the amount in controversy is expected to exceed the sum or value of $75,000.00, exclusive of interest and costs.

**E.      Complete Diversity of Citizenship Exists**

8.      Shipt is informed and believes, and on that basis alleges, that Plaintiff is and was at the time this action commenced domiciled in Raleigh, North Carolina. (*See* Exhibit 1, Complaint p. 4); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Miss. Band of Choctaw Indians*

2

*v. Holyfield*, 490 U.S. 30, 48 (1989) (defining "domicile" as "physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

9. A corporation shall be deemed to be a citizen of every State where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp v. Friend*, 559 U.S. 77, 80 (2010) (holding a corporation's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities…where the corporation maintains its headquarters….").

10. Shipt, Inc is incorporated in the state of Delaware and maintains its principal place of business in Birmingham, Alabama. *See* Exhibit 2; *see, e.g., Woody v. Carter*, 5:21-CV-419-M, 16 n.1 (E.D.N.C. Aug. 19, 2024) (citing *Straw v. North Carolina*, No. 7:18-CV-00074-M, 2020 WL 1042141, at *7 (E.D. N.C. Mar. 3, 2020) (explaining that this Court can take judicial notice of documents on file with the North Carolina Secretary of State).

11. DoorDash, Inc. (incorrectly named "DoorDash" in Plaintiff's Complaint) is incorporated in the state of Delaware and maintains its principal place of business in San Francisco, California. *See* Exhibit 3.

12. Uber Technologies, Inc. (incorrectly named "Uber" in Plaintiff's Complaint) is incorporated in the state of Delaware and maintains its principal place of business in San Francisco, California. *See* Exhibit 4.

13. "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

14. Plaintiff is a citizen of North Carolina. None of the Defendants are citizens of the state of North Carolina. Accordingly, the statutory requirement of complete diversity is satisfied.

3

**F. Conclusion**

15.     Given the above facts, this is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is, therefore, one which may be removed to this Court by Shipt pursuant to the provisions of 28 U.S.C. § 1441.

16.     In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Wake County Superior Court clerk.  A copy of Defendants' notice of filing to the state court is attached hereto as Exhibit 5.

17.     By removing this matter, Shipt does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant Shipt respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from Wake County Superior Court to the United States District Court for the Eastern District of North Carolina.

Respectfully submitted, this the 28th day of February, 2025.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:     _/s/ Tatiana M. Terry_____
J. Allen Thomas
North Carolina Bar No.: 40119
Tatiana M. Terry
North Carolina Bar No.: 55194
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412
Allen.Thomas@ogletree.com
Tatiana.Terry@ogletree.com
*Attorneys for Defendant Shipt, Inc*

4

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing *Notice of Removal* was served upon the parties by mailing a copy thereof to the address indicated below in accordance with the North Carolina Rules of Civil Procedure:

> Jeremy Gerald
> 2520 Cedar Forest Way
> #101
> Raleigh, NC 27609

Dated this the 28th day of February, 2025.

_/s/ Tatiana M. Terry_____
Tatiana M. Terry