**STATE OF NORTH CAROLINA**

WAKE County

File No. 25CV000689-910

In The General Court Of Justice
[X] District [X] Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>JEREMY GERALD | **CIVIL SUMMONS**<br>[ ] ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| Address<br>2520 CEDAR FOREST WAY #101 | |
| City, State, Zip<br>RALEIGH, NC 27609 | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | Date Original Summons Issued |
| Name Of Defendant(s)<br>SHIPT | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| SHIPT<br>420 20TH ST N.<br>SUITE 100<br>BIRMINGHAM, AL 35203 | DOOORDASH<br>303 2ND ST<br>FLOOR 8<br>SAN FRANSISCO, CA 94107 |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>2520 CEDAR FOREST WAY #101<br>RALEIGH, NC 27609 | Date Issued<br>1/8/25 | Time<br>2 [ ] AM [X] PM |
| | Signature<br>JW | |
| | [X] Deputy CSC [ ] Assistant CSC [ ] Clerk Of Superior Court | |

| | | |
|---|---|---|
| [ ] ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>[ ] AM [ ] PM |
| | Signature | |
| | [ ] Deputy CSC [ ] Assistant CSC [ ] Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)


© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | SHIPT |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☒ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

LINDA SEAL
420 20TH ST N.
SUITE 100
BIRMINGHAM, AL 35203

☒ Other manner of service *(specify)*

CERTIFIED MAIL RETURN RECIEPT REQUESTED

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | DOORDASH |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☒ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

TIA SHERRINGHAM
303 2ND ST
FLOOR 8
SANFRANSISCO, CA 94107

☒ Other manner of service *(specify)*

CERTIFIED MAIL RETURN RECIEPT REQUESTED

☐ Defendant WAS NOT served for the following reason:

| | |
|---|---|
| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

FILED
DATE: January 8, 2025
TIME: 2:32:48 PM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: T. Williams

JEREMY GERALD,

PLAINTIFF,

25CV000689-910

vs.

Case No.

SHIPT,

DOORDASH,

UBER,

DEFENDANTS..

**COMPLAINT**

## PARTIES

**Plaintiff:**

Jeremy Gerald
2520 Cedar Forest Way
#101
Raleigh, NC 27609

**Defendants:**

Shipt
420 20th St N,
Suite 100
Birmingham, AL 35203-5213

DoorDash
303 2nd St
Floor 8
San Francisco, CA 94107

Uber
1725 Third St
San Francisco, CA 94158

I, the Plaintiff, complaining of the Defendants, say and allege that:

- The Plaintiff Jeremy Gerald is a citizen and resident of Wake County, North Carolina.
- The Defendant Shipt is a Corporation doing business in Birmingham, Alabama.
- The Defendant DoorDash is a Corporation doing business in San Francisco.
- The Defendant Uber is a Corporation doing business in San Francisco.
- The Court has jurisdiction over this matter.

# SHIPT

- Shipt, located in Birmingham, Alabama operates an app used primarily on smartphones which allows the general public to order groceries and other items and have them delivered to their home or other address for their convenience..
- The Plaintiff joined the platform Shipt in the year of 2023 after signing up to be a driver/shopper.
- The Plaintiff earned a significant amount of income, using the platform over a course of several months.
- At some point during late 2023 the Plaintiff broke his phone and therefore lost access to his phone number and email address as a result of breaking his phone.
- In late 2023, upon attempting to download the Shipt app on a new phone, the Plaintiff saw that access to the app was not so readily available due to the security features of Shipt.
- In late 2023, the Plaintiff contacted Shipt to inform of the broken device and difficulties of accessing the app/platform.
- Shipt gave the Plaintiff severe difficulties and refused to permit access to the platform from a different device.
- The Plaintiff even sought intervention from Shipt's parent company Target to no avail.
- The Plaintiff decided to give up on the pursuit of accessing his account.
- In September 2024 the Plaintiff decided to resume effort to gain access to his account by creating a new account with a separate email address (ontimeautodeals@gmail.com) Attachment A
- The signup process began and the Plaintiff proceeded to the portion of uploading his identification.
- Shipt accepted all of the signup information the Plaintiff sent to Shipt.
- After receiving and processing the information, Shipt decided that the account could not proceed as the Plaintiff had a separate account already established.
- Shipt has a support phone number that addresses all matters of concern of customers and shoppers.
- The support line is limited since there is no supervisory level of access that a person calling the support line can reach.
- Whenever the Plaintiff would ask for the ability to speak directly with other supervisory staff, the Plaintiff was always informed that he would be contacted by email at the same email address he doesn't have access to.

## DOORDASH

- DoorDash, located in San Francisco, CA operates an app used primarily on smartphones which allows the general public to order fast food, groceries and other items and have them delivered to their home or other address for their convenience.
- The Plaintiff made the effort to sign up on the platform many times between the years of 2022 and 2024.
- The most recent effort to join the DoorDash platform was in September 2024.
- The Defendant DoorDash allowed the Plaintiff begin the signup process but upon processing a background check refused to permit the Plaintiff to join the platform based upon a Resisting Arrest w/violence charge which occurred in 1996, 28 years ago. Attachment B.
- The Plaintiff has worked for many, if not all, of the companies that DoorDash partners with to have food delivered from and most, if not all, would still hire him currently.
- The particular charge emphasized does not directly or indirectly indicate a difficulty or potential problem with delivering food.
- The Plaintiff presented mitigating factors consistent with a work history as well as recent employment/contracting with the app Lyft. Attachment C.
- The Plaintiff even, currently, delivers managers and other staff who work for the restaurants that DoorDash delivers food from.
- As a California business using a conviction older than seven years as a basis to prohibit the use of its platform violate the California's Investigative Consumer Reporting Agency Act (ICRAA). Attachment D.

## UBER

- Uber, located in San Francisco, CA operates an app used primarily on smartphones which allows the general public to order fast food, groceries and other items and have them delivered to their home or other address for their convenience as well as to order a ride for personal delivery.
- The Plaintiff made the effort to sign up on the platform many times between the years of 2022 and 2024.
- The most recent effort to join the Uber platform was in January 2024.
- The Defendant Uber allowed the Plaintiff begin the signup process but upon processing a background check refused to permit the Plaintiff to join the platform.
- The Defendant Uber, as other delivery apps. Are hyper technical with their decision making process in terms of evaluating a person's background. It is unclear what particular reason Uber used to determine the decision.

WHEREFORE, as the Plaintiff has made or had the potential to make a significant income using these platforms and that prohibiting his access to them the Plaintiff demands judgement against the Defendants for: $80,000 in compensation.


______________________________

Jeremy Gerald, Plaintiff Pro Se

2520 Cedar Forest Way #101

Raleigh, NC 27609