IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-112-M

| | | |
|---|---|---|
| JEREMY GERALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| SHIPT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on Defendant Shipt, Inc.'s ("Shipt") motion to compel arbitration and to stay proceedings. [DE-9]. Plaintiff purportedly indicated consent to the motion prior to its filing, [DE-10-2], but objected to the motion after it was filed, [DE-14]. Shipt filed a reply in support of the motion. [DE-16]. This non-dispositive motion[1] is ripe for decision and is referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* May 2, 2025 Text Order. For the reasons stated below, it is recommended that the motion be allowed.

Plaintiff filed this action in state court against Shipt and two other defendants, [DE-1-1], and Shipt removed the matter by invoking the federal court's diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). [DE-1]. Shipt seeks to compel arbitration and stay this matter as to Shipt, pursuant to an arbitration provision in a contract between the parties invoking the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), [DE-10-1]. Plaintiff argues that any agreement to arbitrate was voided pursuant to the contract's termination clause. [DE-14].

---

[1] *See Scales v. SSC Winston-Salem Operating, Co., LLC*, No. 1:17-CV-539, 2017 WL 4467278, at *1 (M.D.N.C. Oct. 5, 2017) (collecting cases finding that motions to compel arbitration and to stay proceedings are non-dispositive pretrial motions under 28 U.S.C. § 636(b)(1)).

The FAA provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Newman v. First Montauk Fin. Corp.*, No. 7:08-CV-116-D, 2010 WL 2933281, at *4 (E.D.N.C. July 23, 2010). "By enacting the FAA, Congress created a 'presumption' in favor 'of arbitrability,'" and "a court must resolve any doubts in favor of arbitration and compel arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Newman*, 2010 WL 2933281, at *5 (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643 (1986)). However, the presumption of arbitrability only applies where there is a validly formed and enforceable arbitration agreement, *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301 (2010), and the court looks to state law contract principles to determine whether a valid and enforceable agreement exists, *Scales*, 2017 WL 4467278, at *2 (citation omitted). Under North Carolina law, "a valid contract requires (1) assent; (2) mutuality of obligation; and (3) definite terms." *Brown v. Fam. Dollar Stores of N.C., Inc.*, No. 1:21-CV-977, 2022 WL 3576972, at *2 (M.D.N.C. Aug. 19, 2022) (quoting *Charlotte Motor Speedway, LLC v. Cnty. of Cabarrus*, 748 S.E.2d 171, 176 (N.C. Ct. App. 2013)).

Plaintiff's complaint alleges that Shipt operates an "app" that allows the public to order groceries and other items and have them delivered; Plaintiff joined the platform in 2023, to be a "driver/shopper" and earned significant income over the course of several months; in late 2023, Plaintiff broke his phone, losing access to his phone number and email address and was unable to download the app on his new phone; Plaintiff contacted Shipt to attempt to resolve the issue but it "refused to permit access to the platform from a different device"; and Plaintiff gave up his efforts to access his account for a time but tried again in September 2024 to no avail. [DE-1-1] at 5.

2

Plaintiff does not specifically identify a cause of action, but it appears that he is asserting a breach of contract claim against Shipt.

Here, Shipt has presented an Independent Contractor Agreement ("ICA") between the parties dated January 24, 2023, that contains a mandatory arbitration provision. ICA [DE-10-1] at 10 ¶ 13. Plaintiff does not challenge the validity of the ICA, but rather argues that he has not had access to the platform since 2023, and "any binding arbitration agreement agreed to was made void by the passage of 75 consecutive days an [sic] no Delivery Services were provided by the Plaintiff," pursuant to the agreement's Termination clause. [DE-14] at 1 (citing ICA ¶ 14.c.iv). Shipt contends Plaintiff contractually agreed to submit claims against Shipt to arbitration, Plaintiff consented to Shipt's motion, and the arbitration clause survives any purported termination of the ICA. [DE-16].

Under the terms of the ICA, the parties agreed to arbitrate "any and all claims arising out of or relating to" the ICA, including "the deactivation of [Plaintiff's] Shopper ID or [Plaintiff's] access to the Shipt Technology Services, termination of this Agreement, . . . and all . . . state legal claims . . . (for example, tort or contract claims) arising out of or relating to [Plaintiff's] relationship or the termination of that relationship with SHIPT." ICA [DE-10-1] ¶ 13.a. Plaintiff's breach of contract claim based on his inability to access the Shipt platform falls squarely within the scope of claims the parties agreed to arbitrate under the ICA. While Plaintiff argues that the ICA terminated and voided the arbitration provision, [DE-14] at 1, the ICA's termination provision expressly provides that the arbitration provision survives termination of the ICA, *see* ICA [DE-10-1] ¶ 14.d. The Supreme Court has recognized that "provisions relating to remedies and dispute resolution— for example, an arbitration provision—may in some cases survive [the expiration of an agreement] in order to enforce duties arising under the contract." *Litton Fin. Printing Div., a Div. of Litton*

3

*Bus. Sys., Inc. v. N.L.R.B.*, 501 U.S. 190, 208 & n.3 (1991) (citing *West Virginia ex rel. Ranger Fuel Corp. v. Lilly*, 165 W.Va. 98, 100–01, 267 S.E.2d 435, 437–38 (1980) (duty to arbitrate survives termination of lease); *Warren Brothers Co. v. Cardi Corp.*, 471 F.2d 1304 (1st Cir. 1973) (arbitration clause survives completion of work under construction contract); *Mendez v. Trs. of Boston Univ.*, 362 Mass. 353, 356, 285 N.E.2d 446, 448 (1972) (termination of employment contract "does not necessarily terminate a provision for arbitration or other agreed procedure for the resolution of disputes"); *Batter Bldg. Materials Co. v. Kirschner*, 142 Conn. 1, 10–11, 110 A.2d 464, 469–470 (1954) (arbitration clause in building contract not affected by a party's repudiation or total breach of contract)). Thus, Plaintiff's sole argument against enforcement of the arbitration provision—that termination of the ICA voided the arbitration provision—lacks merit.

Accordingly, the court finds that a valid agreement to arbitrate exists between the Plaintiff and Shipt with respect to the claims asserted against Shipt in this matter, and it is recommended that Shipt's motion to compel arbitration of the claims against it be allowed and that this matter be stayed as to Shipt, pursuant to 9 U.S.C. § 3, pending arbitration of the claims against Shipt.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **June 17, 2025** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines

specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by within 14 days of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, the **3** day of June, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge