IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00112-M-RJ

| | |
|---|---|
| JEREMY GERALD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHIPT, et al.,<br><br>　　　　Defendants. | ORDER |

This matter comes before the court on the Memorandum and Recommendation ("M&R") entered by Magistrate Judge Robert B. Jones, Jr. in this case on June 3, 2025. DE 17. Judge Jones recommends that the court allow Defendant Shipt's Motion to Compel Arbitration [DE 9] and stay this action pursuant to 9 U.S.C. § 3. *Id.* at 4. He instructed the parties to file any written objection on or before June 17, 2025. *Id.* This period has passed, and neither party has raised an objection.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Defendant Shipt's Motion to Compel Arbitration [DE 9] is ALLOWED, and pursuant to 9 U.S.C. § 3, this case is STAYED as to Defendant Shipt pending arbitration of all claims asserted against it.

SO ORDERED this ___23<sup>d</sup>___ day of June, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2

Case 5:25-cv-00112-M-RJ     Document 18     Filed 06/23/25     Page 2 of 2